In The

*Court of Appeals*

**Ninth District of Texas at Beaumont**

_____

**NO. 09-17-00039-CV**
_____

**D.G., Appellant**

**V.**

**A.F., Appellee**

_____

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-09-11374-CV**
_____

**MEMORANDUM OPINION**

This is a statutory appeal from an order granting a family violence protective

order. *See* Tex. Fam. Code Ann. § 85.001 (West 2014). We note our jurisdiction

over the appeal, as the trial court's order contains a "Mother Hubbard"[1] clause,

---

[1] A "Mother Hubbard" clause is a catch-all statement designed to signify that all
relief not expressly granted in the case is denied. *Lehmann v. Har-Con Corp.*, 39
S.W.3d 191, 198 (Tex. 2001).

1

making the order from which D.G. (Father)[2] appeals a final, appealable order. *See* Tex. Fam. Code Ann. § 81.009(a) (West 2014) (noting that protective orders rendered under Title 4, Subtitle B are appealable); *Roper v. Jolliffe*, 493 S.W.3d 624, 633 (Tex. App.—Dallas 2015, pet. denied) (explaining that a protective order issued by a trial court pursuant to the Family Code is a final, appealable order if it disposes of all parties and issues).

In the case now before us, the trial court granted the application that A.F. (Mother) filed seeking a family violence protective order against Father. In its order, the trial court found that Father had committed family violence and that family violence is likely to occur in the future. In two appellate issues, Father argues (1) that he received ineffective assistance of counsel during the hearing the trial court conducted on Mother's application, and (2) the trial court's order should be reversed because the court abused its discretion by sustaining an objection made by Mother's attorney regarding Father's attorney's attempt to question Mother about her mental health. We overrule Father's issues and affirm the trial court's judgment.

---

[2] To preserve the parties' privacy, we refer to the parties as "Mother" and "Father" and the children by pseudonyms "John" and "Tom." *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2017); Tex. R. App. P. 9.9.

Background

Given the limited scope of the issues that Father has raised in his appeal, we limit our discussion of the background to that required to explain our resolution of the issues. The evidence before the trial court shows that Father and Mother were married and divorced before Mother filed for the protective order that Father has challenged in this appeal. Two children were born of Mother's and Father's marriage, John and Tom. The decree from the parties' divorce named Mother and Father as joint managing conservators of their children, and it gave Mother the right to designate John's and Tom's primary residence. The decree required Father to pay child support, and gave Father the right to standard visitation with John and Tom.

In September 2016, Mother filed an application seeking a family violence protective order. In her application, Mother alleged that Father had engaged in conduct that amounted to family violence against Mother, John, and Tom. In a hearing before the bench on Mother's application, which occurred in November 2016, ten witnesses testified about the issues relevant to Mother's application. The witnesses included Mother, Father, and the psychologist who was treating John and Tom. The trial court allowed the psychologist to testify over the telephone, without objection.

When Mother testified, the trial court allowed Mother to demonstrate how Father had choked her. The attorney who represented Father in the trial did not object

to the demonstration. Additionally, when Father's attorney attempted to question Mother about her mental health history during cross-examination, Mother's attorney objected that such evidence was not relevant to the matters at issue, which concerned a family violence protective order. Although the trial court sustained Mother's objection to a question about whether she had ever been diagnosed with any type of mental disorder, Father's attorney did not make a bill of proof or record showing what the evidence regarding Mother's mental health history might have shown had she answered the question posed to her during the hearing.

After two days of testimony, the trial court did not announce its ruling; instead, the court advised the parties that it would consider and deliberate before it ruled. Approximately two weeks later, the trial court signed a protective order barring Father from contacting John or Tom or communicating with them for a period of two years. Subsequently, Father filed a notice of appeal. In his appeal, Father challenges the trial court's ruling granting Mother's application.

Ineffective Assistance of Counsel

In his first issue, Father argues that he received ineffective assistance of counsel during the trial. The limited record before us does not show that Father was appointed an attorney by the court, so we presume that Father retained the attorney who represented him in the hearing that resulted in the order now at issue. In his brief, Father alleged that he received ineffective assistance of counsel because his

4

attorney did not object to the psychologist testifying by telephone, failed to object to Mother's attorney asking Mother leading questions during her direct examination, failed to object when Mother's attorney asked Mother to demonstrate how Father choked her, and failed to object to questions that, according to Father, allowed Mother to testify to matters containing hearsay.

We are not persuaded by Father's brief that the doctrine of ineffective assistance of counsel extends to the hearing that is at issue in this appeal. This Court has previously held that the doctrine does not extend to cases involving divorce. *Sherwood v. Sherwood*, No. 09-15-00133-CV, 2016 Tex. App. LEXIS 1939, at *2 (Tex. App.—Beaumont 2016, no pet.) (mem. op.) (citing *Blair v. McClinton*, No. 01-11-00701-CV, 2013 Tex. App. LEXIS 8048, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. denied) (mem. op.)). And, Father does not cite any cases supporting his argument that the doctrine extends to cases involving protective orders that are based in the Family Code. A court entering a family violence protective order interferes with a parent's rights for only a limited period of time. Under the Texas Family Code, the party enjoined by a family violence protective order can petition the court one year after the court enters such an order to determine if there is a "continuing need for the order." Tex. Fam. Code Ann. § 85.025(b) (West Supp. 2017). In this case, the order the trial court entered expires in two years.

5

On this record, it appears that Father retained the attorney who represented him in the trial court. While the brief Father filed relies on cases discussing the fundamental rights of relatives or parents to parent children related to them, all of the cases that Father relies on involved permanent limitations on those rights. *See Troxel v. Granville,* 530 U.S. 57 (2000); *Moore v. E. Cleveland*, 431 U.S. 494 (1977); *Stanley v. Ill.*, 405 U.S. 645 (1972); *Pierce v. Soc'y of Sisters,* 268 U.S. 510 (1925). None of the cases Father cites limit a court's right to interfere with the family relationship regarding a relative who has engaged in family violence, none involved family violence protective orders, and none involved orders that interfered with a parent's rights for only a limited period of time.

We decline to extend the doctrine of effective assistance of counsel to the circumstances presented on this record. Issue one is overruled.

### Cross-Examining Mother Regarding her Mental Health

In his second issue, Father argues that the trial court committed error by preventing his attorney from examining Mother regarding whether she had been diagnosed with a mental disorder. An abuse of discretion standard applies to our review of a party's issue challenging a trial court's evidentiary rulings. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). Moreover, even if the appellant shows the evidence the trial court excluded should

have been admitted, the appellant must then also demonstrate that the exclusion of the evidence probably caused the factfinder to reach an improper verdict to prevail in an appeal. Tex. R. App. P. 44.1(a)(1) (requiring that judgments not be reversed unless the error the appellant complains of probably caused the trial court to render an improper judgment); *see also Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 883 (Tex. 2014) (requiring the complaining party to demonstrate in the appeal that the judgment turned on the evidence made the subject of the appeal); *Auld*, 34 S.W.3d at 907 (discussing whether the trial court's error in admitting evidence caused the jury to reach an improper verdict).

To obtain a family violence protective order, the petitioner must prove "that family violence has occurred and is likely to occur in the future." Tex. Fam. Code Ann. § 81.001 (West 2014). When trial courts are asked to change a parent's rights to possession or access, evidence regarding issues of the existence of family violence are relevant, as is what ruling would be best for the interests of the children affected. *See generally* Tex. Fam. Code. Ann. § 81.001, § 153.001(a) (West 2014). Under the Family Code, "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code Ann. § 153.002 (West 2014).

In the appeal, Father argues the trial court abused its discretion by upholding the objection to the question his attorney asked about whether she had ever been

7

diagnosed with a mental disorder. We note that the Legislature has made records pertaining to a parent's mental health broadly available in cases that arise under the Family Code where the issue the factfinder is asked to resolve affects the parent-child relationship. *See* Tex. Health & Safety Code Ann. § 611.006(a)(6) (West 2017). Nonetheless, when the trial court asked Father's attorney about why Mother's testimony on this subject would be relevant, Father's attorney advised the court that if Mother had been diagnosed with a mental illness, her response might "go to her veracity as a witness[.]" When the trial court sustained the objection Mother's attorney lodged to the question, Father's attorney did not make a bill or an offer of proof to create a record about what Mother might have said.

To preserve a claim of error when the matter concerns excluded evidence, the party who claims error occurred must inform the court what the testimony would have shown by making "an offer of proof, unless the substance was apparent from the context." Tex. R. Evid. 103(a)(2). Here, the substance of what Mother might have said regarding whether she had ever been diagnosed with a mental disorder is not apparent from the context of the question she was asked. For instance, we do not know whether the Mother would have denied ever being diagnosed with a mental illness, or whether she would have admitted that she had been treated in the past and was still being treated. Even if Mother had a prior diagnosis, we cannot determine from the context of the question that counsel posed whether whatever answer she

8

might have made would have been relevant to Mother's veracity, which is the reason Father claimed Mother's testimony on the matter might be relevant.

We hold that Father failed to properly preserve his complaint about the trial court's ruling on this matter for appellate review. Tex. R. Evid. 103(a)(2). To preserve an error for appellate review, a party complaining about the exclusion of evidence must comply with the requirements in Rule 103. Tex. R. App. P. 33.1(a)(1)(B). Because the substance of Mother's response is a matter that does not otherwise appear in the record, Father was required to file a formal bill to preserve this issue for our review. Tex. R. App. P. 33.2. Because he did not preserve his complaint, we cannot decide whether error occurred.

We hold that Father failed to preserve his complaint about the trial court's ruling excluding Mother's testimony about her mental health. Issue two is overruled.

Conclusion

After considering Father's issues, we affirm the order that Father challenges in this appeal.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 8, 2018
Opinion Delivered June 14, 2018
Before McKeithen, C.J., Horton and Johnson, JJ.

9